UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:11-190-KKC

MICHAEL RAY SMITH,                                                                                    PLAINTIFF,

v.                                     **OPINION AND ORDER**

WAL-MART OF NICHOLASVILLE, KY,                                                       DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (DE 23) filed by the Defendant Wal-Mart Stores East, LP which was incorrectly named in the Complaint as Wal-Mart of Nicholasville, Kentucky. For the following reasons, the motion is GRANTED.

**I.      FACTS.**

In his Complaint, the Plaintiff, who is proceeding pro se, asserts that he was injured when he slipped on some water on the restroom floor at a Wal-Mart store in Nicholasville, Kentucky. He asserts a negligence claim against the Wal-Mart. He also asserts a racial discrimination claim, alleging that one of Wal-Mart's employees called him a racially derogatory term after the fall. In a later pleading (DE 25), the Plaintiff indicates that he asserts this claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In his Complaint, the Plaintiff asked for at least $200,000 in damages.

Wal-Mart moves to dismiss the claims against it asserting that the Plaintiff has not responded to any of its discovery requests. Wal-Mart argues that the claims should be dismissed for failure to prosecute them under Federal Rule of Civil Procedure 41(b)

which provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Alternatively, Wal-Mart argues that it is entitled to summary judgment under Federal Rule of Civil Procedure 56 because the Plaintiff should be deemed to have admitted that Wal-Mart did not act negligently and that Wal-Mart's acts were not the proximate cause of the Plaintiff's injuries. Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Court agrees that Plaintiff's claims should be dismissed under both Rules 41 and 56. In making this decision, the Court has considered that the Plaintiff is proceeding pro se and, thus, the Court must construe his pleadings more liberally than pleadings prepared by an attorney. Nevertheless, pro se litigants must comply with the Federal Rules of Civil Procedure and with this Court's orders. The Plaintiff has failed to do so. Instead, the Plaintiff has filed document after document which appear to ask this Court to order Wal-Mart to immediately pay him tens of thousands of dollars to settle this matter.

On September 12, 2011, the Court ordered the parties (DE 5) to meet to develop a proposed discovery plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and to file a joint status report containing a proposed discovery plan and other information necessary for scheduling. By letter dated September 20, 2011, Wal-Mart attempted to schedule a meeting with the Plaintiff. The Plaintiff responded by returning Wal-Mart's letter to it with hand-written notations that appear to demand $300,000 to settle the matter and to instruct Wal-Mart to contact his lawyer. Wal-Mart called the

number the Plaintiff provided but the attorney stated that she had not yet decided to represent the Plaintiff. That attorney apparently never contacted Wal-Mart and never entered an appearance on behalf of the Plaintiff. No other attorney has entered an appearance on behalf of the Plaintiff. The Plaintiff himself never responded to Wal-Mart's request for a meeting as the Court ordered.

On October 17, 2011, the Court entered a Scheduling Order (DE 7) based on Wal-Mart's proposed discovery plan. On that same date, the Court entered a Notice and Order (DE 9) notifying the Plaintiff that he was charged with complying with all Court orders, including the Scheduling Order, and that he must also comply with the Federal Rules of Civil Procedure, the Court's local rules and its standing orders. The Court cautioned the Plaintiff that failure to comply with these rules and orders would result in sanctions that could include the dismissal of his case.

On October 19, 2011, pursuant to the Scheduling Order, the Magistrate Judge entered an order (DE 10) setting this matter for a telephonic conference to discuss the schedule, discovery progress, and the possibility of a settlement conference. The Plaintiff did not appear for the telephonic conference. (DE 24).

After the Magistrate Judge's order setting the telephonic conference, the Plaintiff filed a "Motion for Immediate Settlement for Resolution of This Case" (DE 11) in which he appears to ask the Court to order Wal-Mart to pay him $70,000 to resolve this matter. A few days later he filed another motion (DE 13), this time asking the Magistrate Judge to order Wal-Mart to settle this matter for $20,000. A short time later, the Plaintiff filed a notice (DE 16) stating he was amending his demand back to $70,000. Later, he filed another notice (DE 20), in which he appeared to ask the Magistrate Judge to establish a

3

deadline for Wal-Mart to accept the Plaintiff's offer to settle this matter for $20,000. The Plaintiff later filed another notice in which he once again demands $70,000. (DE 22.)

Wal-Mart then filed this motion to dismiss or for summary judgment (DE 23). The Plaintiff has not responded to it in any substantive manner. Instead, he has continued to file documents in which he appears to ask the Court to order Wal-Mart to immediately pay him tens of thousands of dollars. (DE 25, 27, 31, 32, 34, 37, 38, 42, 45, 48, 51, 52.)

Rule 41(b) gives district courts authority to dismiss a case for a plaintiff's failure to prosecute or to comply with the civil rules or the court's orders. It "is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Mulvaney v. Rivair Flying Serv., Inc. (In re Baker)*, 744 F.2d 1438, 1441 (10th Cir.1984)). In *Knoll*, the court explained that there are four factors that should guide the court in determining whether to dismiss a case pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id*. at 363 (citation omitted). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id*.

Considering all of these factors, dismissal is warranted in this action. The Plaintiff does not dispute that he has failed to respond to Wal-Mart's discovery requests. He puts forth no reason for his non-compliance, nor does he indicate that he has any intentions of

4

responding to the discovery requests in the future. Wal-Mart has been prejudiced by the Plaintiff's conduct. This case is now over a year old and Wal-Mart has been provided with no discovery with which it can formulate a defense. Moreover, the Plaintiff's conduct occurred after he was warned by the Court in a written order that failure to abide by the Court's orders and the Federal Rules of Civil Procedure could lead to dismissal of his action. This Court might impose less drastic sanctions if the Plaintiff indicated a willingness to promptly respond to Wal-Mart's discovery requests and to comply with the rules of civil procedure. He has not. Thus, dismissal of his action is appropriate.

Moreover, Wal-Mart is entitled to summary judgment on the Plaintiff's negligence claim. This is because, pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure, "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

As a result of the Plaintiff's failure to respond to Wal-Mart's Request for Admissions, the Plaintiff is deemed to have admitted that he did not slip and fall when he exited the Wal-Mart bathroom; that Wal-Mart did not breach any duty it owed to the Plaintiff; that the Plaintiff has no evidence of any such breach; that the Plaintiff was not injured at the Nicholasville Wal-Mart store and has no evidence of any such injury; that the Plaintiff's actions or inactions caused the fall; that there was no foreign substance on the floor of the Nicholasville Wal-Mart on the day of the alleged accident; and that the Wal-Mart store was in reasonably safe condition on the date of the accident.

In light of these admissions, Wal-Mart is entitled to summary judgment on the Plaintiff's negligence claim.

Finally, the Plaintiff's Title VII claim must be dismissed because he is not an employee of Wal-Mart. *Beil v. Lake Erie Corr. Records Dep't.*, 282 Fed. Appx. 363, 365 n.1 (6th Cir. 2008) (noting that Title VII prohibits employment discrimination and, because, the Plaintiff was not the defendants' employee, the district court appropriately granted summary judgment in favor of the defendants on that claim).

For all these reasons, the Court hereby ORDERS that Wal-Mart's Motion to Dismiss (DE 23) is GRANTED. Alternatively, Wal-Mart's Motion for Summary Judgment (DE 23) is GRANTED. The Court further hereby ORDERS that all other motions pending in this matter are DENIED as moot.

Dated this 1st day of June, 2012.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge